Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Paul Janzen, OSB #176240
paul@ruggedlaw.com
RUGGED LAW, INC.
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| CHARLOTTE THOMPSON, an individual, | ) Case No.: |
| Plaintiffs, | ) ) COMPLAINT FOR DAMAGES |
| v. | ) ) Prayer: $660,000.00 |
| SHRINERS HOSPITALS FOR CHILDREN, a corporation, | ) NOT SUBJECT TO MANDATORY ) ARBITRATION |
| | ) JURY TRIAL REQUESTED |
| Defendant. | ) ) |

COMES NOW, Plaintiff Charlotte Thompson, through counsel, and files this Complaint for Damages against the above-named Defendant. By Order of Judge Julio Russo, Plaintiff's case has been severed from *Parrish v Shriners,* Case No. 3:24-cv-00013-JR (Doc 30), which was originally filed on October 12, 2023.

//

//

//

Page 1 –COMPLAINT FOR DAMAGES

INTRODUCTION

This case centers around Plaintiff, a former employee of Shriners Hospitals for Children, and the unlawful religious discrimination she suffered because of her conflict with taking the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for same.

JURISDICTION, VENUE AND PARTIES

1.

Venue for this action is proper in the District of Oregon. Plaintiff is a former employee of the Defendant who worked for Defendant in the Portland Metropolitan area. Defendant is a corporation with more than 500 employees that does regular, sustained business in the State of Oregon in the Portland area. Plaintiff exhausted her administrative remedies through the Oregon Bureau of Labor and Industries (BOLI) and timely filed this Complaint. Plaintiff received her right-to-sue letters on September 25, 2023, from the U.S. Equal Employment Opportunity Commission. P

2.

Plaintiffs seek a jury trial for all claims that can be tried to a jury under federal law.

STATEMENT OF FACTS

3.

At all times material to this Complaint, the Defendant had imposed a COVID-19 vaccine mandate for its employees beginning in September 2021, more than eighteen months after the beginning of the COVID-19 worldwide pandemic. During the year and a half between the start of the pandemic in March 2020 and the imposition of the Defendant's COVID-19 vaccine mandate,

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

the Plaintiff worked without issue complying with the Defendant's safety plan to prevent or reduce the risk of the spread of COVID-19, including wearing personal protective equipment ("PPE"); social distancing; regular handwashing; regular testing when available; and quarantining when necessary. Plaintiff was an exceptional employee who had sincerely held religious beliefs that prevented her from taking the COVID-19 vaccine, she applied for a religious exception to the vaccine based on her beliefs, had her religious exception denied and was terminated from her job without Defendant making any accommodations for her beliefs.

4.

Plaintiff Thompson was employed by Shriners for approximately eight months as a Nutritional Aid and Cook. Plaintiff was complimented on her work ethic and customer service and was recognized by her coworkers for her core values. Plaintiff left her prior employment to work for Shriners and had planned to work there until she retired. She wanted employment that was more secure, and she was willing to drive the long commute from her home. Plaintiff did whatever was needed, including coming to work during a snowstorm and staying overnight in the hospital, so that patients and their families would get fed. Although Plaintiff loved her job, the kitchen was short-staffed, and she had to work extra shifts.

5.

After the COVID-19 vaccine mandate was imposed, Plaintiff applied for a religious exception based on her deeply held Christian religious beliefs. She wrote a letter to Shriners, explaining that she is a Christian who believes in the Bible, including the teachings of the New Testament. Plaintiff informed Shriners that she objected to the COVID-19 vaccines as she follows

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

God and the principles lad out in His words, and she deeply believes that vaccines violate them. Plaintiff believes that all human beings are bearers of God, and this concept affirms the unique value of all human life. As the vaccines either used aborted fetal cell lines for "proof of concept" testing, or in the development or manufacture of the vaccines, Plaintiff could not take one. She was shocked and dismayed when her religious exception request was denied without explanation, and that Shriners could reject her religious beliefs. She was willing to do whatever it took to keep her job, including wearing a face mask, shield, and submit to weekly testing. Plaintiff was terminated on October 18, 2021. Prior to her termination, Plaintiff experienced harassment and bullying about taking the COVID-19 vaccine, which caused an uncomfortable work environment. She felt that people did not understand that by questioning her vaccination status they were questioning her religion and faith in God.

6.

Plaintiff suffered, and still suffers, from extreme stress, grief, anxiety, depression, and shame due to the loss of her job. The stress has taken a toll on her both physically and mentally. The loss of her job has been life-changing and has caused tremendous financial hardship. As a result of her loss of income, Plaintiff was unable to pay several bills, which has ruined her credit. Her utilities were shut off. Prior to her termination, Plaintiff earned approximately $25,000-$30,000 annually while working approximately forty-five hours weekly. Plaintiff has incurred economic damages of at least $165,000 for past and future wage and benefit loss and non-economic damages of at least $495,000, or an amount to be determined at trial.

7.

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

The Defendant has yet to explain why, in its view, after more than eighteen months of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating her being denied her requested exception and being terminated.

8.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff was not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on her individual, sincerely held religious and philosophical beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to Defendant that would not have created an unfair hardship that it failed to pursue. Instead, it took the most dramatic employment action it could against Plaintiff with an unlawful discriminatory intent.

9.

The Defendant also created and fostered a hostile work environment for the Plaintiff because of her religious and philosophical beliefs. Plaintiff was isolated, highlighted as being unvaccinated, and gaslighted by Defendant and its employees.

10.

**FIRST CLAIM FOR RELIEF**

**(Unlawful Employment Discrimination Based on Religion
in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

11.

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious and philosophical beliefs.

12.

The Plaintiff's sincerely held beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

13.

When Plaintiff raised her objections to taking the COVID-19 vaccine, the Defendant rejected her objections and failed to make a good faith effort to accommodate Plaintiff's beliefs. It would not have been an unfair hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures, including working remotely, to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

14.

Instead of finding reasonable accommodation or set of accommodations for her beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

15.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

16.

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

## SECOND CLAIM FOR RELIEF
### (Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

17.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

18.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

19.

When Plaintiff requested a religious exception to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate Plaintiff's religious beliefs.

20.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful effective terminations. The unlawful discrimination against Plaintiff's religious beliefs by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

21.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged for economic and non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages and

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following

relief:

1. A judgment in favor of Plaintiff and against Defendant in an amount to be determined at

   trial.

2. Plaintiff seeks a trial by jury on all claims to which they are entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 14th day of November, 2024.

Respectfully submitted:

/s/Caroline Janzen
Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, OR 97005
Attorney for Plaintiffs